# EXHIBIT "A"

# Complaint

Electronically Filed
12/8/2020 10:25 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**JACOB G. LEAVITT, ESQ.**
Nevada Bar No. 12608
**MATTHEW B. BECKSTEAD, ESQ.**
Nevada Bar No. 14168
**BIGHORN LAW**
2225 E. Flamingo Road
Bldg. 2, Suite 300
Las Vegas, Nevada 89119
Tel:    (702) 333-1111
Email: Jacob@BighornLaw.com
Email: Matthew@BighornLaw.com
*Attorneys for Plaintiff*

CASE NO: A-20-825988-C
Department 1

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| RICHARD SUDBERRY, Individually<br><br>Plaintiff,<br><br>v.<br><br>WERNER CO., a Pennsylvania Business Corporation; OLD LADDER CO., as successor by merger to WERNER CO., a Pennsylvania Business Corporation; ROE MANAGEMENT COMPANY; DOE EMPLOYEE; DOE MAINTENANCE EMPLOYEE; DOE PROPERTY OWNER; ROE PROPERTY OWNER; ROE MAINTENANCE COMPANY; ROE EMPLOYER; DOE INDIVIDUALS I through X; and ROE CORPORATIONS, I through X, inclusive,<br><br>Defendants. | CASE NO:<br>DEPT. NO:<br><br>**COMPLAINT** |

COMES NOW Plaintiff, RICHARD SUDBERRY, and by and through his counsel, JACOB G. LEAVITT, ESQ., and MATTHEW B. BECKSTEAD, ESQ., of the Law Firm of BIGHORN LAW, and for his causes of action against Defendants, and each of them, alleges as follows:

1

1. That Plaintiff RICHARD SUDBERRY (hereinafter referred to as "RICHARD" and/or "PLAINTIFF") was at all times relevant to this action a resident of Clark County, Nevada.

2. Upon information and belief, that at all times relevant to this action, the Defendant WERNER CO. (hereinafter referred to as "WERNER CO." and/or "DEFENDANT WERNER") is a Pennsylvania Business Corporation that distributes and/or sells its manufactured goods in Clark County, Nevada, at such retailers as The Home Depot, Lowe's and Ace.

3. Upon information and belief, that at all times relevant to this action, the Defendant OLD LADDER CO., as successor by merger to WERNER CO., (hereinafter referred to as "OLD LADDER CO." and/or "DEFENDANT OLD LADDER") is a a Pennsylvania Business Corporation that distributes and/or sells its manufactured goods in Clark County, Nevada, at such retailers as The Home Depot, Lowe's, and Ace.

4. The true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendant, ROE MANAGEMENT COMPANY, DOE EMPLOYEE, DOE PROPERTY OWNER, ROE PROPERTY OWNER, ROE MAINTENANCE COMPANY and/or ROE EMPLOYER and/or ROE CORPORATIONS I through X, inclusive and/or DOE INDIVIDUALS I through X, inclusive, are unknown to PLAINTIFF, who therefore sues said Defendants by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of these Defendants is responsible in some manner for the events and happenings referred to and caused damages proximately to PLAINTIFF as herein alleged, and that PLAINTIFF will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOE EMPLOYEE and/or DOE MAINTENANCE EMPLOYEE and/or DOES I through X, when the same have been ascertained, and to join such Defendants in this action.

5.  Upon information and belief, Defendants, including DOE EMPLOYEE and/or DOE MAINTENANCE EMPLOYEE and/or DOES I through X, caused the subject ladder to buckle and collapse and was dangerous and therefore unfit to be used for its intended use on the Premises.

6.  That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants, ROE MANAGEMENT COMPANY and/or ROE PROPERTY OWNER and/or ROE MAINTENANCE COMPANY and/or ROE EMPLOYER and/or ROE CORPORATION I through X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

7.  Plaintiff is informed and believes and thereon alleges that each of Defendants designated herein as ROE MANAGEMENT COMPANY and/or ROE PROPERTY OWNER and/or ROE MAINTENANCE COMPANY and/or ROE EMPLOYER and/or ROE CORPORATION I through X, is/are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of ROE MANAGEMENT COMPANY and/or ROE PROPERTY OWNER and/or ROE MAINTENANCE COMPANY and/or ROE EMPLOYER and/or ROE CORPORATION I through X, when the same have been ascertained and to join such Defendants in this action.

8.  Upon information and belief, Defendants, including ROE MANAGEMENT COMPANY and/or ROE PROPERTY OWNER and/or ROE MAINTENANCE COMPANY and/or ROE EMPLOYER and/or ROE CORPORATION I through X, caused the subject ladder, designed, constructed, maintained, and/or otherwise exist in a manner that it was unreasonably dangerous and created hazard and therefore unfit to be used for its intended use on the premises.

9.  Plaintiff has been required to retain the law firm of BIGHORN LAW to prosecute this action and is entitled to reasonable attorneys' fee.

///

///

### FIRST CAUSE OF ACTION

**(Negligence – All Defendants)**

10. Plaintiff incorporates by this reference all of the allegations set forth in the paragraphs 1 though 9 above, as though completely set forth herein.

11. That upon information and belief, at all times relevant to this action, the Defendants WERNER CO. and OLD LADDER CO., and each of them, owned, manufactured, distributed, operated, maintained, and/or controlled the ladder from which Plaintiff fell in the subject incident described in this complaint ("Ladder").

12. That on or about December 9, 2018, and for some time prior thereto, the DEFENDANTS, and each of them (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly manufactured, maintained, operated, occupied, and/or controlled the Ladder, in a manner that caused the Ladder to be unreasonably dangerous in creating a hazard for employees and other intended users, including PLAINTIFF. This action and/or inaction thereby created a non-obvious, dangerous condition; a condition that DEFENDANTS, and each of them knew or should have known was unreasonably dangerous.

13. That on or about December 9, 2018, and for some time prior thereto, the DEFENDANTS, and each of them (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly manufactured, maintained, operated, occupied, and controlled the Ladder in a manner that caused the Ladder to be unreasonably dangerous in creating a hazard for employees, including PLAINTIFF. This action and/or inaction thereby created an unsafe condition, even though DEFENDANTS knew or, through the exercise of ordinary care and diligence, should have known that failure to properly and adequately maintain the Ladder would create and/or enable a dangerous and hazardous condition for its employees.

14. That on or about December 9, 2018, and for some time prior thereto, the DEFENDANTS, and each of them (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled manufacture of the Ladder and enabled the Ladder to be designed, constructed, maintained and/or textured in a manner as to cause an unreasonably dangerous condition and/or hazardous Ladder.

15. That DEFENDANTS, and each of them, failed to maintain the relevant premises in a reasonably safe condition; and that DEFENDANTS, and each of them, negligently, carelessly, and recklessly failed to assess said condition and/or warn its employees, and more particularly PLAINTIFF, of the dangerous hazard and/or condition created by the inadequate design, construction, and/or texture of the Ladder.

16. That on or about December 9, 2018, PLAINTIFF, while lawfully upon said premises of DEFENDANTS, and each of them, was caused to suffer the injuries and damages hereinafter set forth when the Ladder collapsed while he was on it.

17. That on or about December 9, 2018, and for some time prior thereto, the DEFENDANTS, and each of the them (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled the said Premises, in that they designed, constructed, built, installed, textured, and/or maintained the Ladder in such a manner that it presented a dangerous and hazardous condition in an area intended for the use and commonly and regularly used by employees of said DEFENDANTS.

18. That on or about December 9, 2018, and for some time prior thereto, the DEFENDANTS, and each of them (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, designed, constructed, built, installed, textured, maintained, operated, occupied, and controlled the Ladder. This action and/or inaction thereby created an unsafe condition even though DEFENDANTS knew or, through the exercise of ordinary care and

diligence, should have known, that failure to properly and adequately design, construct, build, texture and/or maintain the Ladder would create and/or permit a dangerous and hazardous condition for its employees.

19. That on or about December 9, 2018, and for some time prior thereto, the DEFENDANTS, and each of the them (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, designed, constructed, built, installed, textured, maintained, operated, occupied, and controlled the Ladder so as to cause and allow ladder to be unreasonably dangerous and hazardous, in a manner as to cause an unreasonably dangerous condition, thus making the ladder hazardous and dangerous, and more particularly hazardous and dangerous to PLAINTIFF.

20. That on or about December 9, 2018, and for some time prior thereto, the DEFENDANTS, and each of the them (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, designed, constructed, built, installed, textured, maintained, operated, occupied, and controlled the Ladder, in that DEFENDANTS permitted, allowed and caused said unsafe Ladder to remain even though DEFENDANTS knew or should have known through the exercise of ordinary care and diligence that the Ladder created an unreasonably dangerous hazard, creating an unreasonably dangerous condition for anyone using the area, and more particularly for PLAINTIFF.

21. That DEFENDANTS, and each of them, failed to maintain the Ladder in a reasonably safe condition, particularly with respect to the Ladder, so as to cause the Ladder to be a dangerous and hazardous condition and otherwise be unsafe for use for its intended purpose and design.

22. At all times complained of herein, DEFENDANTS, and each of them, were under a duty to use reasonable care in the conduct of their joint venture and responsibilities and efforts

in providing construction, management, supervision, maintenance, control, and/or repair of the Ladder, and DEFENDANTS, and each of them, breached their duties.

23. At all times complained of herein, DEFENDANTS, and each of them, owed a duty of care to PLAINTIFF to construct and maintain the Ladder in a condition and manner as to be free of dangerous hazards or conditions.

24. At all times complained of herein, DEFENDANTS, and each of them, owed a duty of care to PLAINTIFF to warn PLAINTIFF of dangerous hazards or conditions.

25. That upon information and belief, DEFENDANTS, and each of them, breached these duties owed to PLAINTIFF by creating and/or knowingly, negligently, and/or recklessly allowing dangerous hazards and/or conditions to exist and remain on the premises prior to PLAINTIFF'S incident and by intentionally, knowingly, negligently, and/or recklessly failing to correct and/or remedy the dangerous hazard and/or condition and/or by failing to warn PLAINTIFF of the existence of the dangerous hazard and/or condition.

26. That the carelessness and negligence of the DEFENDANTS, and each of them, in breaching a duty owed to the PLAINTIFF, which directly and proximately caused the injuries and damages to PLAINTIFF, consisting in and of, but not limited to, the following acts, to-wit:

(a) Failure to provide a safe ladder for PLAINTIFF to climb, which was that location's intended purpose;

(b) Failure to provide safe ladder for PLAINTIFF to use on the premises to conduct his job duties;

(c) Failure to warn PLAINTIFF, of the dangerous and hazardous condition then and there existing in said premise;

(d) Failure to properly and adequately inspect and analyze the said dangerous condition in the ladder and dangerous condition;

    (e) The DEFENDANTS, and each of them, had, or should have had, knowledge or notice of the existence of the said dangerous and hazardous condition which was created from said ladder;

    (f) Failure to properly and adequately construct and/or maintain the ladder;

    (g) Failure to remedy or repair a dangerous and hazardous condition; and

    (h) Negligent hiring, training, and/or supervision.

27. The DEFENDANTS, and each of them, have violated certain statutes, ordinances and building codes, which PLAINTIFF prays leave of Court to insert the exact statutes or ordinances or codes at the time of the trial.

28. That Ladder and repair safety standards, laws, codes, rules, regulations, and/or ordinances have been violated by the Defendants, and each of them. PLAINTIFF prays leave of Court to insert the exact standards, statutes, ordinances, laws, codes, regulations and/or rules at the time of the trial. Violation of the ordinance and/or statutes, etc., proximately caused the injuries and damages described herein.

29. That PLAINTIFF is among the class of persons that the standards, laws, codes, rules, regulations, and/or ordinances are designed to protect.

30. That PLAINTIFF's injuries and damages are of the class that the standards, laws, codes, rules, regulations, and/or ordinances are designed to prevent.

31. That DEFENDANTS' negligence per se is imputed by operation of the standards, laws, codes, rules, regulations, and/or ordinances.

32. That each of DEFENDANTS' breaches of their duties directly and proximately caused the injuries and damages to PLAINTIFF.

33. That on or about December 9, 2018, PLAINTIFF as a direct and proximate result of the said negligence and carelessness of DEFENDANTS, and each of them, was caused to suffer injuries and damages hereinafter set forth when he fell as a result of a collapsed ladder on the premises causing PLAINTIFF.

34. By reason of the premises and as a direct and proximate result of the aforesaid negligence and carelessness of the DEFENDANTS, and each of them, PLAINTIFF was otherwise injured in and about his neck, back, ribs, legs, arms, organs, and systems, and was otherwise injured and caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to PLAINTIFF's damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

35. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of the DEFENDANTS, and each of them, PLAINTIFF, has been caused to incur medical expenses, and will in the future be caused to expend monies for medical expenses and additional monies for miscellaneous expenses incidental thereto, in a sum presently unascertainable. PLAINTIFF will pray leave of Court to insert the total amount of the medical and miscellaneous expenses when the same have been fully determined at the time of the trial for this action.

36. Prior to the injuries complained of herein, PLAINTIFF, was an able-bodied individual, capable of being gainfully employed and capable of engaging in all activities for which PLAINTIFF was otherwise suited. By reason of the condition of the premises described herein, and as a direct and proximate result of the negligence of the said Defendants, and each of them, PLAINTIFF was caused to be disabled and limited and restricted in PLAINTIFF occupations and activities.

37. PLAINTIFF has been required to retain the law firm of BIGHORN LAW to prosecute this action, and is entitled to a reasonable attorneys' fee, his litigation costs, and prejudgment interest.

**SECOND CAUSE OF ACTION**

**(Negligent Hiring/Training – All Defendants)**

38. Plaintiff incorporates by this reference all of the allegations set forth in the paragraphs 1 though 37 above, as though completely set forth herein.

39. DEFENDANTS, and each of them, had a duty to properly hire, train, and supervise all employees to ensure that the Premises mentioned hereinabove were designed, constructed, built, textured, installed, maintained and/or remained, in a reasonably safe condition, and were safe for use for their intended purpose.

40. That at all times pertinent hereto, DEFENDANTS, and each of them, breached their above-referenced duties by failing to properly hire, train and/or supervise DEFENDANTS' employees, in each of his/her duties and actions as designer/builder/installers/property managers/maintainer and/or employees for said DEFENDANTS.

41. As a direct and proximate result of the aforesaid negligence and carelessness of the above-referenced DEFENDANTS, and each of them, PLAINTIFF suffered physical injury and was otherwise caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to his damage in an amount in excess of $15,000.00.

42. As a direct and proximate result of the aforesaid negligence and carelessness of the DEFENDANTS, and each of them, PLAINTIFF has been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully determined.

43. PLAINTIFF has been required to retain the law firm of BIGHORN LAW to prosecute this action, and is entitled to recover a reasonable attorneys' fee, her litigation costs, and prejudgment interest.

### THIRD CAUSE OF ACTION

**(Strict Liability – All Defendants)**

44. Plaintiff incorporates by this reference all of the allegations set forth in the paragraphs 1 though 43 above, as though completely set forth herein.

45. DEFENDANTS, and each of them, had a duty to inspect the Ladder for defects prior to distributing it to another person and/or otherwise placing the Ladder into the stream of commerce for the ultimate purpose of selling the Ladder to the general public.

46. DEFENDANTS, and each of them, failed to comply with their duty to inspect the Ladder for defects prior to distributing it to another person and/or otherwise placing the Ladder into the stream of commerce for the ultimate purpose of selling the Ladder to the general public.

47. DEFENDANTS, and each of them, distributed and/or sold the Ladder in the regular course of their respective businesses, doing so in a manner establishing their statuses as a merchant or one engaged in the business of supplying goods of the kind involved in this case, *i.e.*, the Ladder.

48. DEFENDANTS, and each of them, engage sufficiently in the manufacture, distribution, and/or sale of ladders, including the Ladder, such that each lacks the characteristics of an "occasional seller."

49. As a direct and proximate result of the defective Ladder that was manufactured, distributed, and/or sold by the above-referenced DEFENDANTS, and each of them, PLAINTIFF suffered physical injury and was otherwise caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to his damage in an amount in excess of $15,000.00.

50. As a direct and proximate result of the aforesaid negligence and carelessness of the DEFENDANTS, and each of them, PLAINTIFF has been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court will be requested to include said additional damages when the same have been fully determined.

51. PLAINTIFF has been required to retain the law firm of BIGHORN LAW to prosecute this action, and is entitled to recover a reasonable attorneys' fee, his litigation costs, and prejudgment interest.

**PRAYER FOR RELIEF**:

WHEREFORE, Plaintiff RICHARD SUDBERRY respectfully requests that this Court enter the following relief against DEFENDANTS, and each of the DEFENDANTS, jointly and severally, herein as follows:

1. General damages for PLAINTIFF, in an amount in excess of $15,000.00;

2. Special damages for said Plaintiff's medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount, in excess of $15,000.00;

3. Special damages for lost wages in a presently unascertainable amount, and/or diminution of the earning capacity of Plaintiff, plus possible future loss of earnings and/or diminution of said Plaintiff's earning capacity in a presently unascertainable amount;

4. Costs of this suit;

5. Prejudgment interest;

6. Attorney's fees; and

7. For such other and further relief as to the Court may seem just and proper.

DATED this 8th day of December, 2020.

**BIGHORN LAW**

By: */s/ Matthew B. Beckstead*
**JACOB G. LEAVITT, ESQ.**
Nevada Bar No. 12608
**MATTHEW B. BECKSTEAD, ESQ.**
Nevada Bar No. 14168
**BIGHORN LAW**

2225 E. Flamingo Road
Bldg. 2, Suite 300
Las Vegas, Nevada 89119
Tel:     (702) 333-1111
Email: Jacob@BighornLaw.com
Email: Matthew@BighornLaw.com
*Attorneys for Plaintiff*